803 P.2d 448

**Douglas OLSON, Plaintiff/Appellee,**

v.

**The STATE of Arizona, and Arizona Department of Environmental Quality, Defendants/Appellants.**

**No. 2 CA–CV 90–0032.**

Court of Appeals of Arizona,
Division 2, Department A.

Oct. 4, 1990.

Redesignated as Opinion and
Publication Ordered Dec. 11, 1990.

Cole & O'Neil by A. Thomas Cole, Casa Grande, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by Matthew P. Millea, Phoenix, for defendants/appellants.

OPINION

HATHAWAY, Judge.

The state and the Arizona Department of Environmental Quality (ADEQ) appeal from the trial court's ruling in special action proceedings that ADEQ improperly issued a permit for the construction of a furniture factory in Pinal County.

Biz Enterprises (Biz), not a party to this appeal, filed an application with ADEQ for a major source air pollution installation permit to build a furniture factory. The permit was required because the factory it planned to build in Casa Grande would emit more than 250 tons per year of volatile organic compounds (VOC). Under certain atmospheric conditions, VOCs in the presence of nitrogen oxides, form ozone. Ozone is a pollutant for which standards of concentration have been established by the federal Clean Air Act, 42 U.S.C. § 7409. ADEQ held hearings, solicited comments and eventually issued the permit.

Appellee, a resident of the area where the plant was to be located, filed a special action petition challenging the issuance of the permit on numerous grounds. We find one argument dispositive and affirm.

The Clean Air Act requires the Environmental Protection Agency (EPA) to adopt primary and secondary national ambient air quality standards (NAAQS) for selected pollutants. 42 U.S.C. § 7409. Primary NAAQS are the maximum concentrations considered non-threatening to public health. The secondary NAAQS are set at the concentrations required to protect public welfare. Id.

Congress has delegated to the states the task of deciding which sources of pollution must be controlled and by how much. 42 U.S.C. § 7410. The state must adopt rules limiting emissions to the extent needed to attain and maintain the NAAQS. A State Implementation Plan (SIP), which consists of these rules and a demonstration that they are adequate to attain and maintain the NAAQS, is then submitted to the EPA for approval.

The EPA's criteria for approving an SIP are contained in 40 CFR Part 51. These regulations implement the general standards for SIP approval established by Congress in 42 U.S.C. § 7410(a)(2)(A)–(K). Once the EPA decides that an SIP meets these criteria, it codifies its decision in 40 CFR Part 52. Once the EPA approves a SIP, it becomes enforceable as federal law. 42 U.S.C. § 7413. With this background, we turn to the issue before us.

In implementing the Clean Air Act, Congress directed that each state be divided into appropriate air quality control regions. 42 U.S.C. § 7407. The states can then fulfill their planning and rule-making obligations under 42 U.S.C. § 7410 on a geographically segmented and pollutant-specific basis.

The Central Arizona Intrastate Air Quality Control Region, consisting of Gila and Pinal counties, is one of the regions into which Arizona was divided for air quality planning purposes. 40 CFR § 81.271. This federal designation coincided with the existence of the Pinal–Gila counties Air Quality Control District constituted under state law, A.R.S. § 49–473(C). (Gila County later elected to withdraw from this joint Air Quality Control District.) Consistent with state law, the Air Quality Control District prepared the control strategy for sources of pollution within its boundaries. See A.R.S. § 49–473 (mandating county boards of supervisors to study air pollution or to assist the state in any such study), and A.R.S. § 49–479 (boards of supervisors must adopt rules to control pollution).

In compliance with state law, Pinal County adopted Air Pollution Control Regulations which included Rule 7–3–3.4(F) which prohibits VOC emissions greater than forty pounds per day from any device used to apply, evaporate, or dry photochemically reactive solvents (Forty Pound Rule). The State of Arizona incorporated this rule into its SIP which was submitted to and accepted by the EPA. 47 Fed.Reg. 15,579 (4/12/82). Even though the rule was originally drafted and adopted by Pinal County, the state included it in its SIP, thereby adopting the Forty Pound Rule as the state standard for protecting the NAAQS for ozone in Pinal County. Feder-

al law requires the state to adopt and enforce its SIP. "Each State shall ... adopt and submit to the Administrator [of the EPA] ... a plan which provides for implementation, maintenance, and enforcement of such primary standard in each air quality control region (or portion thereof) within such state." 42 U.S.C. § 7410(a)(1).

That the state must enforce the Forty Pound Rule even though it originated at the county level is clearly stated in the Clean Air Act. A "State or political subdivision may not ... enforce any emission standard or limitation which is less stringent than the standard or limitation under [the state implementation] plan...." 42 U.S.C. § 7416.

■ ADEQ originally took the position that Biz had to comply with the Forty Pound Rule. In a letter dated January 31, 1989, ADEQ told Biz regarding this rule, "I concur in the County's assessment that this Regulation is applicable. Therefore, BIZ must demonstrate its ability to comply with this Regulation." We find unpersuasive the state's argument that it never adopted the Forty Pound Rule, and because it has sole authority to issue the permit in question, it does not have to enforce that rule. The state maintains that Pinal County only has authority to regulate minor sources of pollution, i.e., those emitting less than 250 tons of VOCs per year, and because the Biz factory would be a major source of pollution, the state has the authority to determine the pollution standards to be met. To carry this argument to its illogical conclusion, would mean that if only a little pollution would foul the environment, the counties could exercise control, but if the degradation of the air breathed by the citizens of Arizona was major, the state could choose to ignore, at its whim, any part of the SIP which originated at county level.

The argument made by the state in this case and the position taken by ADEQ, albeit appropriate to promoting economic or industrial development and job creation, is aberrant to an agency charged with the protection of the environment. We find this appeal to be frivolous and award attor-

ney's fees to appellee. Ariz.R.Civ.App.P. 25, 17B A.R.S.

Affirmed.

LIVERMORE and LACAGNINA, JJ., concur.